In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 22-1817

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ERNEST RUSSELL,

*Defendant-Appellant.*

---

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:20-cr-680-2 — **Edmond E. Chang**, *Judge.*

---

ARGUED FEBRUARY 14, 2023 — DECIDED AUGUST 31, 2023

---

Before ROVNER, KIRSCH, and JACKSON-AKIWUMI, *Circuit Judges.*

KIRSCH, *Circuit Judge.* A jury found Ernest Russell guilty of distributing heroin and fentanyl in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Russell to a below-Guidelines sentence of 96 months' imprisonment, followed by three years of supervised release. On appeal, Russell challenges one special condition of his supervised release: that he undergo a sex-offender evaluation to determine

whether sex-offender treatment is necessary. In imposing the condition, the district court relied on facts from a police report, summarized in the Presentence Investigation Report. The PSR reported that Russell had been convicted of an offense that involved the sexual assault of a minor. Because the district court did not abuse its discretion in imposing the sex-offender assessment as a condition of supervised release, we affirm.

I

In 2010, Ernest Russell was convicted of misdemeanor domestic battery. According to the arrest report, Russell's girlfriend (now wife) and her 11-year-old daughter told police officers that Russell had inappropriately touched the child while her mother was at work. The victim told the officers that she was in her bed when Russell entered her room, laid in bed with her, and began to rub his pelvic region. The victim added that when she tried to get away from Russell, he turned her on her stomach, got on top of her, and rubbed his pelvic region against her body. The victim screamed for help, at which time Russell stopped and asked her not to tell her mother. But the victim called her mother at work and told her that Russell had inappropriately touched her. At sentencing, Russell offered, at most, a bare denial of this information and furnished no evidence to call the PSR into question.

In fact, during Russell's allocution at sentencing, he called his 2010 conviction a "sexual assault case," but stressed that it was only a misdemeanor, not a felony. Russell said the offense was "some he said/she said stuff," and that although "the little girl" involved in the incident was his stepdaughter and it caused problems in his marriage, he and his wife "never divorced because of that situation" and had "moved on." He

and his wife "actually removed" the girl "from the home, and she stayed with her sister for a while" before they "brought her back up into [their] home." Russell said there were "a lot of things going on in that situation." Although Russell did not offer any evidence to refute the facts recounted in the police report and, in turn, the PSR, he maintained that he was not a sex offender and expressed concern that imposing the assessment condition could cause problems for him in prison.

The district court found that the 2010 conviction gave rise to the concern that Russell had committed sexual assault. The court inferred that, despite being a misdemeanor resulting in a relatively short sentence, the case may have been pleaded down to a lesser offense due to the victim's young age. The district court also found that the facts in the PSR were quite detailed for the type of offense and age of the victim.

After finding the information from the PSR credible, the district court ordered Russell to participate in a sex-offender assessment as a condition of his supervised release. If the assessment provider were to deem treatment necessary, the government or the probation officer could seek an order from the court requiring Russell to comply with the recommended treatment. The court explained that if treatment were recommended following the assessment, maybe Russell would agree to it, but if Russell objected, the court would then decide if treatment was necessary. Russell's counsel objected to the imposition of the condition but did not articulate reasons for doing so. Russell now appeals.

## II

At the outset, we can quickly dispense with Russell's argument that the district court delegated Article III

sentencing authority to a treatment provider. The condition does not delegate judicial authority to anyone and vests final decision making with the judge alone. Even if the provider deemed treatment necessary after an assessment, the district court retained exclusive control over whether treatment would be ordered.

Moving to the merits, Russell frames his challenge to the special condition as one of procedural error, seeking de novo review. But Russell does not identify a procedural error or develop any argument to that effect. Thus, because Russell objected below and centers his appeal on the reasonableness of the court's decision, we review the imposition of the special condition for an abuse of discretion. See *United States v. Douglas*, 806 F.3d 979, 983 (7th Cir. 2015) ("The sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) in the individual case and district courts have an institutional advantage over appellate courts in making these sorts of determinations.") (cleaned up).

Special conditions of supervised release must be based on accurate information and reasonably relate to factors identified in 18 U.S.C. § 3553(a). That is, conditions must account for the history and characteristics of the defendant; involve no greater deprivation of liberty than is reasonably necessary to achieve deterrence, incapacitation, and rehabilitation; and be consistent with the Sentencing Commission's policy statements. *United States v. Kappes*, 782 F.3d 828, 845 (7th Cir. 2015) (collecting cases). All of these requirements were met here.

First, the district court did not abuse its discretion in considering the information contained in the 2010 police

report when evaluating Russell's history and characteristics before concluding that the condition was necessary. True, we "cannot simply assume that any police report … is reliable without more information or corroborating evidence." *United States v. Jordan*, 742 F.3d 276, 280 (7th Cir. 2014). But here, Russell's allocution supports a finding that the police report was credible. Not only did Russell offer nothing to undermine the reliability of the report, his allocution suggested that the conviction was about the sexual assault of his stepdaughter and characterized the incident as a "sexual assault case." Although Russell characterized the situation as a "he said/she said" situation, he offered no details or evidence to suggest that the "he said" portion undercut the police report.

Second, the condition was narrowly tailored: the district court ordered an assessment (not treatment) to evaluate whether Russell might benefit from treatment. There is no record that Russell had received an assessment or treatment in the past. And a condition imposing a sex-offender assessment does not require the defendant to be a convicted sex offender. See *United States v. Ross*, 475 F.3d 871, 872, 875 (7th Cir. 2007) (concluding it was not plain error to impose a sex-offender assessment condition and possible treatment even when the defendant was not a convicted sex offender but had a history of sexual misconduct). The modest special condition did not deprive Russell of more liberty than reasonably necessary.

Third, the condition requiring a sex-offender assessment promoted the Sentencing Commission's policy goals of deterrence, rehabilitation, and protecting the public. The district court proceeded carefully by only imposing a sex-offender condition and not considering whether treatment

was warranted unless and until the assessment recommended treatment. Russell argues that his conviction was too old to support any present need to rehabilitate him or protect the public, relying on our decision in *United States v. Johnson*, 756 F.3d 532, 538–42 (7th Cir. 2014). But *Johnson* is inapposite, and Russell misses the point. At sentencing for Johnson's drug crime, the district judge, without explanation, imposed a sex-offender *treatment* (not assessment) condition based on a 15-year-old conviction for sexual misconduct. *Id.* at 540. We reversed, reasoning that sex-offender treatment did not provide just punishment for the drug offense at issue, deter criminal conduct, rehabilitate the defendant, or protect the public. *Id.* at 541–42. Russell may be right that sex-offender treatment is unnecessary to deter or rehabilitate him or to protect the public. But that is not what the district court ordered. Instead, the court carefully considered the facts of Russell's past conviction and imposed a much more modest condition—an assessment—that may never result in sex-offender treatment. If it does, it will become mandatory only after the district court agrees with the recommendation and has considered and overruled any objection Russell might raise. See *Douglas*, 806 F.3d at 983–84 (distinguishing *Johnson* from an instance where the district court explained its reasons and ordered only an assessment, not treatment).

Given the reliable information in the PSR that Russell had sexually assaulted a minor, and the lack of any record that Russell had received an assessment or treatment in the past, the district court did not abuse its discretion by imposing the modest assessment condition here.

AFFIRMED